

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ) ) ) | |
| Petitioners, ) ) | |
| v. ) ) ) | No. 04 C 5852 |
| ARGONAUT INSURANCE COMPANY, ) ) ) ) | Judge Mark Filip |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Argonaut Insurance Company ("Argonaut" or "Respondent") has moved pursuant to Federal Rule of Civil Procedure 62(d) for an order staying enforcement of a judgment pending appeal. (D.E. 37.)[1] Specifically, Argonaut moves to stay this Court's August 8, 2006 order and related judgment denying Argonaut's motion for summary judgment and confirming the appointments of two arbitrators nominated by Certain Underwriters at Lloyd's, London ("Underwriters" or "Petitioners"). (*Id.*) For the reasons stated below, Argonaut's motion is respectfully denied. Argonaut has failed to show a substantial likelihood of success on appeal, and it also independently has failed to demonstrate that it will suffer irreparable harm if a stay is not granted. The Court also respectfully declines, for the reasons stated below, Underwriters' invitation to sanction Argonaut for filing the stay motion by awarding Underwriters those attorneys' fees and costs Underwriters incurred in opposing the motion. (D.E. 44.)

---

[1] The designation "D.E." refers to the docket entry number of the cited document.

## BACKGROUND

As described more fully in the Court's August 8, 2006 Memorandum Opinion and Order, the facts at issue in this matter were mostly agreed. (D.E. 33, 34.) Between 1959 and 1973, Petitioners, a group of underwriting syndicates, subscribed to reinsurance contracts, or "Treaties," with Argonaut, itself an insurance company. (D.E. 1 ¶ 6; D.E. 26 ¶¶ 2, 6.) The dispute at issue here stemmed from a settlement between Argonaut and Western MacArthur, one of Argonaut's insureds. (D.E. 26 ¶ 5.) Pursuant to that settlement, Argonaut made payments to Western MacArthur. (*Id.*) Argonaut then sought to recover some portion of those payments from Underwriters pursuant to the Treaties. (*Id.* ¶ 6.) After receiving Argonaut's request for reimbursement, Underwriters requested supporting information and the opportunity to inspect Argonaut's claim files relating to Western MacArthur. (*Id.* ¶ 7.) Instead of providing the requested information, Argonaut chose to invoke the arbitration provision included in the Treaties, which provided, in relevant part:

> If any dispute shall arise between the Company and the Underwriters with reference to the interpretation of this Agreement or their rights with respect to any transaction involved, this dispute shall be referred to three arbitrators, one to be chosen by each party and the third by the two chosen. If either party refuses or neglects to appoint an arbitrator within thirty days after the receipt of written notice from the other party requesting it do so, the requesting party may nominate two arbitrators, who shall choose the third.

(D.E. 26 ¶¶ 8, 9; D.E. 21-3 at 1.)

The dispute between the parties on summary judgment related solely to the proper interpretation of two words contained in this arbitration clause: namely, "thirty days." (D.E. 33 at 3.) Argonaut contended that when the thirtieth day to appoint an arbitrator fell on a Sunday or a holiday, that day should be excluded from the calculation of the "thirty days" under the Treaties. (*See, e.g.*, D.E. 25-1 ¶¶ 2-3.) Underwriters, on the other hand, argued that "thirty days"

should be strictly interpreted regardless of whether the thirtieth day fell on a weekday, weekend day, or holiday of some type in one of the places where the affected parties were located. (*See, e.g.*, D.E. 19 ¶ 4.)

The Court agreed with Underwriters, granting their motion for summary judgment on the issue and confirming the two arbitrators they nominated, including one nominated after Argonaut failed to nominate an arbitrator itself within thirty calendar days of receiving a request to do so. (D.E. 33, 34.) The Court had previously denied Argonaut's Motion to Dismiss for lack of subject matter jurisdiction on grounds of "mootness." (D.E. 9.) In doing so, the Court held that although Argonaut had suggested that it could withdraw its demand for arbitration "without prejudice," the issues between the parties in this matter were still live, and thus not moot, because Argonaut could reinstate its arbitration demand at any time and made clear that it intended to do so. (*Id.* at 2-3.[2])

On September 6, 2006, Argonaut appealed this Court's denial of the motion to dismiss based on mootness, as well as the August 8, 2006 order and related judgment granting Underwriters' motion for summary judgment. (D.E. 35.) Shortly thereafter, Argonaut filed this motion to stay the judgment pending appeal, claiming that: (1) "[t]here is no Seventh Circuit case addressing the issue of a party's ability to withdraw its demand for arbitration . . . ."; (2) "there is . . . no Seventh Circuit case addressing the issue of whether a party is excused from acting on Sundays and holidays under the Federal Arbitration Act"; and (3) Argonaut should not be "forced to incur the expense of having to arbitrate this dispute again with a different panel if the appellate

---

[2] The Court incorporates by reference herein the reasoning of its prior opinions (D.E. 9, D.E. 33), which addressed at greater length various subjects discussed in more abbreviated form in this opinion.

3

court were to reverse [this Court's judgment and orders]." (D.E. 37). Notably, Argonaut cites no caselaw, either in its motion or in its reply brief, supporting its position that these arguments, even assuming their truth, would support the grant of a stay in this matter.[3]

## ANALYSIS

A. Precedent Teaches That A Stay Should Not Issue Absent a Showing of Irreparable Harm to Movant and a Likelihood of Success on the Merits

Under Federal Rule of Civil Procedure 62(d), a party may obtain a stay of a judgment pending an appeal.[4] *See* Fed. R. Civ. P. 62(d). This rule "reserves power in the district court to grant a stay of its judgment upon proper application." *Rakovich v. Wade*, 834 F.2d at 674. "Consistent with this principle, Rule 8(a) of the Federal Rules of Appellate Procedure requires that a motion for stay pending appeal be presented initially in the district court." *Id.* Precedent teaches, however, that a district court may not grant a stay pending appeal without first considering whether the movant has shown the following: "that it has a significant probability of success on the merits; that it will face irreparable harm absent a stay; and that a stay will not injure the opposing party and will be in the public interest." *Hinrichs v. Bosma*, 440 F.3d 393,

---

[3] Argonaut's brief in support of its stay motion cites only one case for the boilerplate proposition that a district court retains power during the pendency of an appeal "to preserve the status quo by granting a stay of its judgment." (D.E. 37 at 2 (citing *Rakovich v. Wade*, 834 F.2d 673 (7th Cir. 1987) (per curium).) The brief did not cite longstanding Seventh Circuit precedent which teaches, *inter alia*, that "stays of arbitration pending appeal are exceptionally hard to get." *PaineWebber Inc. v. Farnam*, 843 F.2d 1050, 1051 (7th Cir. 1988) (citing *Graphic Comm. Union v. Chicago Tribune Co.*, 779 F.2d 13 (7th Cir. 1985)); *see also PaineWebber*, 843 F.2d at 1051 (explaining that *Chicago Tribune* held "that the ordinary incidents of litigating (or arbitrating) a case are not 'irreparable injury.'") (citing *Chicago Tribune*, 779 F.2d at 15).

[4] Fed. R. Civ. P. 62(d) provides that a supersedeas bond may be required as a condition of obtaining a stay. Argonaut requests that this Court waive any supersedeas bond because this Court did not issue a money judgment and therefore Underwriters face no risk of non-payment. (D.E. 37.) Underwriters do not disagree. (D.E. 44.) A district court may grant a stay without a supersedeas bond. *See Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988). Because the Court does not believe any stay is appropriate for the two, independent reasons discussed at length above, the Court need not consider whether any supersedeas bond would be needed if a stay were warranted.

4

396 (7th Cir. 2006) (citation omitted)[5]; *see also id.* at 403 (holding that movant had not met his burden of establishing that a stay ought to have been granted when he did not show a substantial likelihood of success on the merits or an irreparable injury absent a stay). Dealing particularly with requests for stays in matters involving arbitration issues, the Seventh Circuit similarly requires that a party requesting a stay pending appeal show that it will otherwise suffer irreparable harm and that it has a substantial likelihood of prevailing on appeal. *See Chicago Tribune*, 779 F.2d at 14-15 (denying defendant's motion to stay judgment where it failed to meet the necessary condition of demonstrating threat of irreparable harm from an order to arbitrate); *see also PaineWebber*, 843 F.2d at 1052 (stating that, "*Chicago Tribune* forcefully observed that applicants must show *both* irreparable injury and probable success.") (emphasis in *PaineWebber*).[6]

    B.    Argonaut Has Not Demonstrated That It Will Suffer Irreparable Injury If Its Motion To Stay Arbitration Is Denied

As noted above, Argonaut argues in its motion to stay that "failure to enter a stay will prejudice Argonaut." (D.E. 37 ¶ 6.) The only prejudice, or injury, Argonaut identifies, however, is the "expense of having to arbitrate this dispute again with a different panel if the appellate

---

[5] Precedent sometimes uses modestly different verbal formulations to outline the likelihood of success that must be shown to warrant injunctive relief—*e.g.*, a "substantial probability of success," a "substantial chance of success," "some chance of success," *etc.* Nothing in this Court's ruling herein turns on such nuances; Argonaut has not shown irreparable harm or anything reasonably close to it under well-settled precedent in this area. Argonaut also does not show a meaningful likelihood of prevailing on appeal, at least in this Court's view, given the Seventh Circuit's teachings in this area, including teachings in *Universal Reinsurance Corp. v. Allstate Ins. Co.*, 16 F.3d 125 (7th Cir. 1993), as explained further herein and in the Court's opinion of August 8, 2006.

[6] Rather inexplicably, Argonaut contends that it "should not be required to show prejudice or injury to obtain a stay . . . ." (D.E. 45 at 5.) Argonaut similarly contends that "Argonaut need not show a likelihood of success on the merits to warrant a stay." (*Id.*). Argonaut cites no authority for these assertions, nor does it suggest any alternative standard to the ones cited herein. With all respect, Argonaut's unsupported contention that it need not meet the standards for a stay repeatedly articulated by the Seventh Circuit is meritless.

5

court were to reverse [this Court's rulings and judgment]." (*Id.*) This allegation does not support the issuance of a stay in this matter. The Seventh Circuit has specifically held, in the context of a request for a stay pending appeal, that the fact that an order to arbitrate imposes a cost—*i.e.*, "the cost of the arbitration, whether it is an opportunity cost of time or an out-of-pocket expense for lawyers or witnesses fees or whatever, or both types of costs, does not show irreparable harm." *Chicago Tribune*, 779 F.2d at 15 (denying defendant's motion for a stay pending appeal where the alleged injury was the arbitration itself). In this regard, *Chicago Tribune* further explained:

> Otherwise every order to arbitrate would be deemed to create irreparable harm, and it would be easy to get such orders stayed. That however would fly in the face of the strong federal policy of arbitrating disputes . . . . Arbitration is supposed to be swift. It will not be swift if orders to arbitrate are routinely stayed pending appeals from those orders.

*Id.* at 15 (internal citation omitted). *Accord PaineWebber*, 843 F.2d at 1051 (collecting federal appellate cases, including *Chicago Tribune*, and stating that "the ordinary incidents of litigating (or arbitrating) a case are not 'irreparable injury'" for purposes of seeking a stay pending appeal) (citation omitted). In this regard, the Seventh Circuit in *Chicago Tribune* stated, "we find it very difficult to imagine how [a case for a stay of arbitration pending appeal] could be made." *Id.*, 779 F.2d at 15; *see also PaineWebber*, 843 F.2d at 1051 (stating that, "stays of arbitration pending appeal are exceptionally hard to get, making casual or reflexive requests presumptively grounds for sanctions") (citing *Chicago Tribune, supra*).

Argonaut attempts, in its reply, to distinguish *Chicago Tribune* and *PaineWebber*; however, these attempts fail to convince the Court that a stay is appropriate here. (D.E. 45.) In this regard, Argonaut first claims that the holdings of *Chicago Tribune* and *PaineWebber* are

inapplicable here because, unlike in those cases, "[i]n this case, there is no order compelling Argonaut to arbitrate." (D.E. 45 at 3.) This turns the basis for Argonaut's motion on its head. If Argonaut does not believe that the Court's August 8, 2006 order will result in arbitration, then it has no basis for its motion to stay, as the only injury it has identified in support of its motion is that, if a stay is not entered, it will be forced to incur "the expense of having to arbitrate this dispute again with a different panel if the appellate court were to reverse [this court's order]."[7] With all respect, if Argonaut now alleges that it will not suffer this "injury" as a result of the Court denying its motion, its position is internally contradictory and fails accordingly, as no irreparable harm could eventuate.[8]

Argonaut also seems to attempt to distinguish *Chicago Tribune* by claiming that the possibility of having to arbitrate this matter twice, assuming a favorable decision of appeal, is an "extraordinary" expense. (D.E. 37; D.E. 45.) However, Argonaut's situation is not distinguishable from the one in *Chicago Tribune*, which unequivocally stated that "the cost of the arbitration, whether it is an opportunity cost of time or an out-of-pocket expense for lawyers or witness fees or whatever, or both types of costs, does not show irreparable harm." *Id.* at 15. Moreover, were Argonaut to prevail in the first arbitration (before the two arbitrators appointed

---

[7] While it is true that the Court's August 8, 2006 did not specifically order arbitration, but rather granted Underwriters' motion for summary judgment, which requested only confirmation of the two arbitrators it had appointed, the Court notes that the effect of the certification order in this case is substantially similar to the explicit order to arbitrate in *Chicago Tribune*. As Argonaut acknowledges, the order certifying arbitrators effectively forces Argonaut to arbitrate its dispute or withdraw its request for arbitration with prejudice. (D.E. 37; D.E. 45.) Moreover, Argonaut requests the same relief that the defendant in *Chicago Tribune* requested since it equates its to stay motion with a request to "stay of any further arbitration proceedings pending . . . appeal." (D.E. 45 at 1.)

[8] Moreover, Argonaut does not suggest that Underwriters would be precluded from filing a motion to compel arbitration, if Argonaut required Underwriters to do so, consistent with the Court's prior rulings and the arbitrator-selection process that has already occurred—nor does Argonaut suggest any good faith basis by which it could resist such a motion, at least in the absence of obtaining a stay pending appeal from the Seventh Circuit.

7

by Underwriters after Argonaut failed to timely exercise its appointment option, as well as the third arbitrator chosen jointly by the first two), Argonaut undoubtedly would decline to arbitrate the matter again. *Accord PaineWebber*, 843 F.2d at 1051 (stating that, if PaineWebber [*i.e.*, the appellant and stay-movant] wins the arbitration, it prevails no matter what happens on appeal."). Argonaut has either alleged an insufficient injury to support a motion to stay (the expense of arbitration), or no injury at all. Either way, its motion to stay is inadequately supported in this regard and, thus, denied. *See, e.g., id.* (stating that, "the ordinary incidents of litigating (or arbitrating) a case are not 'irreparable injury.'") (citation omitted); *Chicago Tribune*, 779 F.2d at 15 (citing *Adams v. Walker*, 488 F.2d 1064 (7th Cir. 1973)).

   C.  Argonaut Has Not Demonstrated That It Is Likely to Succeed on the Merits of Its Appeal

In addition to its failure to identify cognizable irreparable harm within the meaning of the precedent, denial of Argonaut's stay motion is independently warranted because Argonaut has failed to show a substantial likelihood of success on appeal. In a motion to stay a judgment pending appeal, the movant must make a substantial showing of a likelihood of success on the merits of its appeal. *See, e.g., PaineWebber*, 843 F.2d at 1052. Argonaut first seeks appellate review of this Court's order granting Underwriters' motion for summary judgment and holding that the "thirty days" specified in the Treaties in which a party must pick an arbitrator are not tolled when the thirtieth day falls on a Sunday or a holiday. (D.E. 33 at 16.) Argonaut argues that the Seventh Circuit has never ruled on whether there are implied terms in the time limit provisions of arbitration agreements that work to excuse performance on Sundays and holidays. (D.E. 45.) Similarly, Argonaut appeals this Court's denial of its motion to dismiss based on

8

mootness, claiming that the Seventh Circuit has never addressed "the issue of a party's ability to withdraw its demand for arbitration thereby rendering all matters related to that arbitration moot." (D.E. 37 ¶ 5.) Neither of these arguments suggests that Argonaut is likely to prevail in its appeal.

First, Argonaut has failed to identify *any* cases indicating that this Court's decision to grant Underwriters' motion for summary judgment was incorrect. Argonaut has cited no caselaw indicating that the issue should have been decided differently. In fact, other than a citation of one generic case in support of the basic proposition that a district court may grant a stay pending appeal, Argonaut advances no cases at all in either its motion for a stay (D.E. 37) or its reply in support thereof. (D.E. 45.) In contrast, the Court's Memorandum Opinion and Order from which Argonaut appeals discussed extensive precedent which, in the Court's view, directed the result that was reached. As detailed in the opinion of August 8, 2006, the Seventh Circuit has specifically refused to depart from the written terms of a time-limit provision in an arbitration agreement that concerned the time-frame in which parties were to appoint arbitrators. *See Universal Reinsurance Corp.*, 16 F.3d 125. The Seventh Circuit reasoned in *Universal Reinsurance Corp.* that the explicit terms of an arbitration agreement are "the best evidence of what the parties intended" and that, "it is not our province to rewrite their agreement." *Id.* at 129-130 (collecting numerous cases). Given this precedent, the Court believes it unlikely that the Seventh Circuit will imply terms in an agreement between two highly sophisticated parties that exempt weekends and holidays from the calculation of "thirty days," especially when those parties could have easily added these terms themselves if they had wished. Argonaut cites no authority indicating otherwise. Therefore, Argonaut has failed to show a substantial likelihood of

9

success on this point.

Argonaut also appeals this Court's denial of its motion to dismiss based on the alleged mootness resulting from the withdrawal "without prejudice" of its arbitration demand. (D.E. 37.) Argonaut attempts to support its motion by arguing that the Seventh Circuit has never addressed whether a withdrawal of an arbitration demand without prejudice moots a case, therefore stripping the federal court of subject matter jurisdiction. (D.E. 45 at 6.) However, as more fully addressed in the Court's order denying Argonaut's motion to dismiss (D.E. 9), precedent teaches that "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (internal quotation and citation omitted). The voluntarily cessation of an activity underlying the suit will not necessary moot a case, even when the party causing the activity disclaims any intention to revive it. *See United States v. W.T. Grant Co.*, 345 U.S. 629, 635 (1953); *see also, e.g., Davis*, 440 U.S. at 631 ("[A]s a general rule, 'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot.'") (quoting *W.T. Grant*, 345 U.S. at 632)); *Adams v. Bowater, Inc.*, 313 F.3d 611, 615 (1st Cir. 2002) ("[W]here a defendant is unwilling to give any assurance that the conduct will not be repeated, a natural suspicion is provoked that recurrence may well be a realistic possibility."). As the Court previously explained, in the situation at hand, Argonaut does not disclaim any intention to abandon arbitration permanently against Underwriters; to the contrary, Argonaut concedes that it "will want to arbitrate in the future and collect money from the Reinsurers, especially when the appeal of this matter is resolved." (D.E. 45 at 6.) As a result, the dispute over arbitrator selection is "live" and Underwriters continue to have a "legally cognizable

10

interest in the outcome." *Davis*, 440 U.S. at 631; see also D.E. 9 (discussing Argonaut's mootness argument at length). The Court does not find it likely that the Seventh Circuit will disagree, nor does Argonaut cite any precedent holding differently.

Therefore, because Argonaut has failed to show either irreparable harm or a substantial likelihood of success on appeal, this Court denies Argonaut's motion for a stay of judgment pending appeal on both of those independent grounds. *See Chicago Tribune*, 779 F.2d at 15.

D. The Court Respectfully Declines to Grant Underwriters' Attorneys' Fees and Costs for the Expense of Responding to Argonaut's Motion to Stay Judgment

In their Response to Motion to Stay Enforcement of Judgment Pending Appeal, Underwriters suggest that they should be awarded their attorneys' fees and costs for the expense of responding to Argonaut's motion to stay pending appeal as a sanction for Argonaut's filing of that motion. (D.E. 44). A district court can, in its own discretion, award sanctions pursuant to Federal Rule of Civil Procedure 11(c) when a party presents an argument that is "frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). Underwriters's request for sanctions is a colorable one, and the Court likely could fairly sanction Argonaut for the filing of its motion. Nonetheless, the Court does not believe Argonaut's motion strays sufficiently into the area of a frivolous filing, and therefore exercises its discretion to deny the sanctions request, as explained further below.

Initially, although the Court recognizes that it may award sanctions at its own discretion, the Court notes that Underwriters' request for sanctions appears to be procedurally improper, as Underwriters do not seem to have given Argonaut any prior notice of their intent to seek sanctions in this matter. Rule 11 requires that a party seeking sanctions bring a separate motion

11

at the appropriate time, which Underwriters have not done. *See* Fed. R. Civ. P. 11(c)(1)(a) ("A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."); *see also Fries*, 146 F.3d at 458 ("As a preliminary matter, when a party requests a court to impose sanctions, it must first give notice of its intent to seek sanctions and provide the attorney or party charged with a reasonable opportunity to respond."). Therefore, the Court declines Underwriters' procedurally improper request for sanctions.

Even accepting Underwriters' request as proper, however, the Court would decline to impose sanctions here. Underwriters essentially argue that Argonaut's motion is frivolous. (D.E. 44.) The Seventh Circuit has awarded attorney's fees based on frivolousness when a party moves to stay arbitration without citing, discussing, or distinguishing the *Chicago Tribune* standard. *See PaineWebber*, 843 F.2d at 1052 ("The circumstances of this case track those of *Chicago Tribune*, and we therefore impose sanctions on PaineWebber."); *see also id.* at 1051 (stating that sanctions for filing motions for stays pending appeal in the arbitration context are presumptively applicable for "casual or reflexive requests" for such stays). In doing so, the Seventh Circuit explained that such a motion requires "applicants to pay their adversary's attorneys' fees in cases such as this because a motion ignoring controlling precedent forces the other side (and the court) to spend time finding the precedents that the movant should have found in the first place." *Id.* at 1052.

The Seventh Circuit has also explained, however, that a party may correct initial failures to cite, discuss, and distinguish controlling case law by doing so in a reply. *See Independent Lift Truck Builders Union v. NACCO Materials Handling Group*, 202 F.3d 965, 969 (7th Cir. 2000). Argonaut's attempted distinctions of the Seventh Circuit's teachings in its reply brief are weak—quite weak—but they are not sufficiently enfeebled as to lead the Court to exercise its discretion so as to impose sanctions. This Court therefore declines to award Underwriters' attorneys' fees and costs because: (1) Argonaut's initial motion discusses the general substance of the elements required under the *Chicago Tribune* standard, although it does not specifically mention the case itself or its teachings about stays pending appeal in the arbitration context (D.E. 37 ¶¶ 5-6), and (2) Argonaut's reply makes clear its attempt(s) to distinguish *Chicago Tribune* and related caselaw. (D.E. 45 at 3-6.) Argonaut also argues that a stay would not prejudice the opposing party since Argonaut is the party seeking to recover costs from Underwriters. (D.E. 37.) Thus, while the Court finds Argonaut's arguments unpersuasive, the Court does not find these that the failings in Argonaut's briefs merit sanctions.[9] The issue is a close one, and the Court believes the propriety *vel non* of sanctions is an issue on which discretion could fairly be exercised in either direction, but given Argonaut's attempts to distinguish contrary precedent, the Court will exercise leniency and decline the request for sanctions here.

---

[9] The remaining cases cited by Underwriters in support of their request for sanctions are distinguishable. For example, in *Hires Parts Service, Inc. v. NCR Corp.*, 859 F.Supp. 349 (N.D. Ind. 1994), the district court awarded the attorneys' fees and costs incurred in compelling arbitration where the sanctioned party had already had its exact argument rejected by another district court in a similar case and presented no authority in support of its position. *See id.* at 356. This case does not reach into such an extreme area of litigation abuse.

13

## CONCLUSION

For the foregoing reasons, this Court respectfully denies Argonaut's motion to stay judgment pending its appeal. (D.E. 37.)

So Ordered.

*Mark Filip*
Mark Filip
United States District Judge
Northern District of Illinois

Dated: 11/29/06